FILED
Apr 30, 2019
02:41 PM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS





## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| LORETTA GAMMEL,<br>            Employee, | ) <br> ) | Docket No.  2018-08-1537 |
| v. | ) | |
| BRATTON & O'NEAL, P.C.,<br>            Employer | ) <br> ) | State File No. 10346 2018 |
| and<br>HARTFORD INS. CO. OF THE<br>MIDWEST,<br>            Carrier. | ) <br> ) <br> ) <br> ) | Judge Amber E. Luttrell |

---

## EXPEDITED HEARING ORDER GRANTING MEDICAL BENEFITS

---

The Court held an Expedited Hearing on April 24, 2019, on Ms. Gammel's request for medical benefits. Specifically, Ms. Gammel requested left-knee surgery, which utilization review denied. The issue is whether she is likely to prevail at trial in establishing the reasonableness and necessity of the surgery. For the reasons below, the Court holds Ms. Gammel met her burden and is entitled the requested surgery.

### History of Claim

Ms. Gammel works for Bratton & O'Neal, P.C. (Bratton) as a legal assistant. The parties agreed that she sustained a compensable injury to her left knee on February 6, 2018, while lowering herself into a sitting position at work.

Bratton provided authorized treatment with orthopedist Dr. Timothy Micek. Ms. Gammel saw him the same day and provided a history that she felt a pop in her left knee when she attempted to sit down; she experienced immediate pain and swelling in her knee. After conservative treatment failed, Dr. Micek ordered an MRI, which revealed an acute medial meniscus tear and degenerative changes. He recommended surgery to repair the meniscus tear. Regarding causation, Dr. Micek causally related Ms. Gammel's need for treatment, including surgery, to her work injury and not her preexisting degenerative findings in her knee.

1

It is undisputed that Dr. Micek ordered surgery to repair the meniscus three times and utilization review denied the requests. The parties did not introduce into evidence the records of the utilization review physician(s).

Ms. Gammel contended her symptoms have persisted and requested the Court order Bratton to approve the surgery recommended by Dr. Micek. Bratton stated its claims adjusters are precluded from overriding a utilization review decision and could not approve Ms. Gammel's surgery without a court order. Bratton contended it could not stipulate to provide the surgery, but it did not oppose it.

### Findings of Fact and Conclusions of Law

Here, the sole issue is whether Ms. Gammel is likely to prevail at trial in establishing the recommended surgery was reasonable and necessary for her knee injury. The only medical opinion came from Dr. Micek, who concluded Ms. Gammel suffered an acute medial meniscus tear from her work injury and requires arthroscopic surgery to repair it. As the authorized treating physician, Dr. Micek's treatment recommendations are presumed to be medically necessary. *See* Tenn. Code Ann. § 50-6-204(A)(3)(H) (2018).

While the parties acknowledged the existence of conflicting utilization review opinions, Bratton did not introduce any medical proof into evidence to rebut Dr. Micek's opinion. Thus, the Court holds Ms. Gammel is likely to prevail at trial and grants her request for surgery.

**IT IS, THEREFORE, ORDERED** as follows:

1. Bratton shall provide continued medical treatment for Ms. Gammel's left-knee injury as required by Tennessee Code Annotated section 50-6-204, to include the meniscus surgery.

2. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

ENTERED April 30, 2019.

**JUDGE AMBER E. LUTTRELL**
**Court of Workers' Compensation Claims**

## APPENDIX

Exhibits:

1. Dr. Micek's medical records (collective exhibit)
2. Dr. Micek's causation opinion

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification
3. Request for Expedited Hearing

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent to the following recipients by these methods of service on April 30, 2019.

| Name | Via Email | Service sent to: |
|---|---|---|
| Richard Click, Employee's Attorney | X | rclick@tcmfirm.com<br>melliott@tcmfirm.com |
| Gary H. Nichols, Employer's Attorney | X | gary.nichols@thehartford.com |

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**